

AF Approval _JMH_                 Chief Approval _MPF_

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                    CASE NO. 6:24-cr- 153 - P6B - EJK

GEORGE ANDREW PHERAI-BOGEAJIS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, GEORGE ANDREW PHERAI-BOGEAJIS, and the attorney for the defendant, Michael Lafay, Esq. mutually agree as follows:

**A.**    **Particularized Terms**

     1.     **Count Pleading To**

         The defendant shall enter a plea of guilty to Count One and Two of the Information. Count One charges the defendant with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, and 400 grams or more of a mixture and substance containing a detectible amount of fentanyl, a Schedule II controlled substance. Count Two charges the defendant with possession of firearms in furtherance of the drug trafficking offense charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Defendant's Initials _GY_

2.    <u>Minimum and Maximum Penalties</u>

Count One is punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of not more $10 million, a term of supervised release of not less than 5 years up to life, and a special assessment of $100.

Count Two is punishable by a mandatory minimum term of imprisonment of five years and a maximum sentence of life imprisonment to run consecutive to the sentence of imprisonment imposed on any other count, a fine of up to $250,000, supervised release of no more than 3 years, and a special assessment of $100.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    *Alleyne v. United States and Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant is subject to a mandatory minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment as to Count One because the following facts have been admitted by the defendant and are established by this plea of guilty:

Defendant's Initials _____        2

- The defendant conspired to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance;

- The defendant conspired to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectible amount of fentanyl, a Schedule II controlled substance.

4.      <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

<u>First</u>:      two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute or possess with intent to distribute a controlled substance;

<u>Second</u>:   the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

<u>Third</u>:    the object of the unlawful plan was to distribute or possess with the intent to distribute controlled substances.

The elements of Count Two are:

First:      the Defendant committed the drug trafficking crime charged in Count One of the indictment; and

Second:   the Defendant knowingly possessed a firearm in furtherance of that crime, as charged in the indictment.

Defendant's Initials                 3

5.    <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

6.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

Defendant's Initials ___  5

9.    <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, whether in the possession or control of the United States, the defendant, or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, the following items:

a.    <u>United States Currency</u>

- $717,480 in U.S. currency;

- $149,785 in U.S. currency;

b.    <u>Vehicles</u>

- 2017 Black Nissan Armada, VIN JN8AY2ND4H9004455, titled and registered to Island Thi TRUONG;

- 2020 Black Jaguar VIN: SADCM2FV6LA640216, titled and registered to PHERAI-BOGEAJIS;

- 2013 black Ford Explorer, VIN 1FM5K7D87DGB01439, with no registered owner and a mechanical concealed "trap" to transport controlled substances without detection;

- 2015 white Chevrolet Silverado, VIN: 1GCRCPEC6FZ424085, titled and registered to David Nazier Pherai-Bogeajis, with a concealed "trap" to transport controlled substances without detection;

c.    <u>Firearms</u>

- a Taurus Bull .357 Magnum (Serial Number: ADD206745);

- a Glock 43 9mm (Serial number: BMHB008);



- a Taurus Millennium 40mm (Serial number: S6X04283); and

- a Beretta Pico 380 (Serial number: PC0742879).

All of the above-listed items were seized on April 9, 2024, from either PHERAI-BOGEAJIS's primary residence or his Ocoee residence, with the exception of the $149,785 in U.S. currency, which was seized from a conspirator on March 6, 2024.

The defendant admits that the currency listed above constitutes proceeds obtained from the drug conspiracy charged in Count One and that the firearms and vehicles listed above were used to facilitate that conspiracy. The defendant further admits that because the firearms listed above were possessed in furtherance of a drug trafficking crime, they are thereby involved in the firearm offense charged in Count Two.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _____        7

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent

Defendant's Initials _GP_                    8

decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

**B.**  **Standard Terms and Conditions**

    1.  Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18

Defendant's Initials _____     10

U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _GP_                    11

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or

Defendant's Initials _GiP_                12

indirectly, including those held by a spouse, dependent, nominee or other third party.
The defendant further agrees to execute any documents requested by the United
States needed to obtain from any third parties any records of assets owned by the
defendant, directly or through a nominee, and, by the execution of this Plea
Agreement, consents to the release of the defendant's tax returns for the previous five
years.  The defendant similarly agrees and authorizes the United States Attorney's
Office to provide to, and obtain from, the United States Probation Office, the
financial affidavit, any of the defendant's federal, state, and local tax returns, bank
records and any other financial information concerning the defendant, for the purpose
of making any recommendations to the Court and for collecting any assessments,
fines, restitution, or forfeiture ordered by the Court.  The defendant expressly
authorizes the United States Attorney's Office to obtain current credit reports in order
to evaluate the defendant's ability to satisfy any financial obligation imposed by the
Court.

      6.    <u>Sentencing Recommendations</u>

        It is understood by the parties that the Court is neither a party to nor
bound by this agreement.  The Court may accept or reject the agreement, or defer a
decision until it has had an opportunity to consider the presentence report prepared by
the United States Probation Office.  The defendant understands and acknowledges
that, although the parties are permitted to make recommendations and present

Defendant's Initials _____          13

arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

    7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

       The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises

Defendant's Initials _G.P_        14

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

       8.    <u>Middle District of Florida Agreement</u>

       It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

       9.    <u>Filing of Agreement</u>

       This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

       10.    <u>Voluntariness</u>

       The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the



Defendant's Initials                 15

nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials ____    16

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   <u>Entire Agreement</u>

This plea agreement, including Exhibit A, constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____

13.   Certification

The defendant and defendant's counsel certify that this plea agreement
has been read in its entirety by (or has been read to) the defendant and that defendant
fully understands its terms.

DATED this __5th__ day of __June__, 2024.

ROGER B. HANDBERG
United States Attorney

_____
GEORGE A. PHERAI-BOGEAJIS
Defendant

_____
Dana E. Hill
Assistant United States Attorney

_____
Michael H. Lafay, Esq.
Attorney for Defendant

_____
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                  CASE NO. 6:24-cr- |53 - P 6 B - E J K

GEORGE ANDREW PHERAI-BOGEAJIS

<u>PERSONALIZATION OF ELEMENTS</u>

As to Count One: Between on or about October 1, 2020, and continuing

through on or about April 9, 2024, in the Middle District of Florida:

<u>First</u>:    Did two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute or possess with intent to distribute a controlled substance?

<u>Second</u>:    Did you know the unlawful purpose of the plan and willfully join in it?

<u>Third</u>:    Was the object of the unlawful plan to distribute or possess with the intent to distribute controlled substances that were 500 grams or more of methamphetamine and 400 grams or more of fentanyl?

As to Count Two: On April 9, 2024, in the Middle District of Florida:

<u>First</u>:    Did you commit the drug trafficking crime charged in Count One of the information?

<u>Second</u>:    Did you knowingly possess firearms in furtherance of that crime, as charged in the information?

Defendant's Initials     19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:24-cr- 153- PGB - EJK

GEORGE ANDREW PHERAI-BOGEAJIS

FACTUAL BASIS

In October 2020, the Drug Enforcement Administration (DEA) initiated an investigation into a drug trafficking organization operating in Orlando and elsewhere by George PHERAI-BOGEAJIS.  The investigation revealed the following true facts about PHERAI-BOGEAJIS and his participation in that drug conspiracy:

Throughout this investigation, the DEA learned that PHERAI-BOGEAJIS used two residences, one in Orlando and one in Ocoee, in the course of his drug distribution business.

In October 2020, DEA agents observed PHERAI-BOGEAJIS deliver a kilogram of methamphetamine to an individual in West Palm Beach.  This individual then sold this kilogram to an undercover DEA agent.  PHERAI-BOGEAJIS traveled from that location to his primary residence in Orlando.  In this transaction, PHERAI-BOGEAJIS was driving the 2017 Nissan Armada, referenced below.

On March 6, 2024, DEA was conducting a surveillance operation in a separate investigation of an individual in Orlando (DEA TARGET-1).  DEA TARGET-1

Defendant's Initials       20

drove his vehicle to PHERAI-BOGEJAIS's primary residence in Orlando.  At approximately 8:49 p.m., PHERAI-BOGEAJIS exited the front door of his residence with a light-colored bag in his hand.  PHERAI-BOGEAJIS and DEA TARGET-1 placed the light-colored bag into DEA TARGET-1's vehicle.  Agents then observed as PHERAI-BOGEAJIS took a large black duffle bag and place it near the front door of PHERAI-BOGEJAIS's residence.

At approximately 9:27 p.m., DEA TARGET-1 departed PHERAI-BOGEJAIS's residence.  The Orange County Sheriff's Office (OCSO) conducted a traffic stop of DEA TARGET-1, who was the sole occupant of his vehicle.  A probable cause search of the vehicle resulted in the seizure of $149,785 of drug proceeds concealed in a light-colored bag:

 

In March 2024, PHERAI-BOGEAJIS provided $149,785 of drug proceeds to DEA TARGET-1.

Defendant's Initials _GiP_       21

On April 9, 2024, at approximately 6:00 a.m., DEA and other law enforcement partners executed the search warrant at PHERAI BOGEAJIS's primary residence and his second residence in Ocoee.  The search revealed that PHERAI-BOGEAJIS had the following at his primary residence:

- approximately 68 kilograms (around 150 pounds) of methamphetamine stored in PHERAI-BOGEAJIS garage, a portion of which has been tested and found to contain 51.5 kilograms of a substance containing methamphetamine hydrochloride with 95% purity;
- multiple bags of colorful pills, one of which has been tested and found to contain MDMA;
- a kilogram sized bag of white powder tested and found to contain 978 grams of a substance containing a detectible amount of fluorofentnayl and fentanyl;
- two kilogram-sized bags of white powder believed to be cocaine;
- a Taurus Bull .357 Magnum (Serial number: ADD206745);
- a Glock 43 9mm (Serial number: BMHB008);
- a Taurus Millennium 40mm (Serial number: S6X04283);
- a Beretta Pico 380 (Serial number: PC0742879);
- a 2017 Black Nissan Armada, titled and registered to Island Thi Truong, VIN JN8AY2ND4H9004455;
- a 2020 Black Jaguar VIN: SADCM2FV6LA640216 titled and registered to PHERAI-BOGEAJIS; and
- $717,480 in U.S. currency which constitutes proceeds of the drug conspiracy.

During the course of the conspiracy, the defendant used the above-listed firearms as a means to protect his drugs and drug proceeds in order to further facilitate the conspiracy.  On at least one occasion throughout the course of the conspiracy, the defendant used the above-described 2020 Black Jaguar to deliver methamphetamine in facilitation of the conspiracy.

Defendant's Initials _GP_                           22

The search revealed that PHERAI-BOGEAJIS had the following items at his Ocoee residence:

- Thousands of pills pressed to look like pharmaceutical controlled substances;
- A 2013 black Ford Explorer, VIN 1FM5K7D87DGB01439, with no registered owner and a mechanical concealed "trap" to conceal controlled substances during transport; and
- A 2015 white Chevrolet Silverado, VIN: 1GCRCPEC6FZ424085, titled and registered to David Nazier Pherai-Bogeajis, with a concealed "trap" to conceal controlled substances during transport.

Although the white Chevrolet Silverado was registered to a different owner, the true owner of the Chevrolet Silverado and Ford Explorer is PHERAI-BOGEAJIS. PHERAI-BOGEAJIS used these two vehicles for the purpose of concealing transportation of controlled substances to facilitate the charged conspiracy.

In all of this conduct, PHERAI-BOGEAJIS knowingly and willfully joined in a shared and unlawful plan to possess with intent to distribute and to distribute controlled substances with two or more other people, the object of which was to distribute 500 grams or more of a substance containing a detectible amount of methamphetamine and 400 grams or more of a substance containing a detectible amount of fentanyl.